UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHARON RONDINA,

    Plaintiff,

    v.

ANDREW SAUL,
Commissioner of Social Security,[1]

    Defendant.

:Civil Action No. 3:18-CV-215
:
:(JUDGE MARIANI)
:(Chief Magistrate Judge Schwab)

## MEMORANDUM OPINION

In the R&R under consideration here, Chief Magistrate Judge Schwab concluded that the Commissioner's final decision should be vacated and the above-captioned matter should be remanded for further consideration of the Administrative Law Judge ("ALJ") Paula Garrety's evaluation of medical opinion evidence contained in her residual functional capacity ("RFC") assessment. (Doc. 15 at 15-16.) The Chief Magistrate Judge specifically found that ALJ Garrety did not provide an adequate explanation for assigning limited weight to Plaintiff's treating physician's opinion. (Id. at 14-15 (citing Doc. 8 at 20-21).) Defendant objects to this determination, asserting that the ALJ appropriately relied on contradictory medical evidence in discounting the treating physician's opinion. (Doc. 16 at 2-9.) The Court concludes that Defendant's objection is properly overruled.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure and 42 U.S.C. § 405(g), Commissioner Andrew Saul is automatically substituted as the named defendant in place of the former Acting Commissioner of Social Security, Nancy A. Berryhill. See Fed. R. Civ. P. 25(d).

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3); M.D. Pa. Local Rule 72.3; *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011).

Defendant's objection having been timely filed, the Court conducts *de novo* review of the specific R&R findings to which he objects. Thus, the Court will consider the Chief Magistrate Judge's conclusion that the ALJ did not properly consider the opinion of Lanning A. Anselmi, M.D., Plaintiff's treating physician.

Under applicable regulations and the law of the Third Circuit, a treating medical source's opinions are generally entitled to controlling weight, or at least substantial weight.[2] *See, e.g., Fargnoli v. Halter*, 247 F.3d 34, 43 (3d Cir. 2001) (citing 20 C.F.R. § 404.1527(c)(2); *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981)). Sometimes called the "treating physician rule," the principle is codified at 20 C.F.R. § 404.1527(c)(2), and is widely accepted in the Third Circuit. *Mason v. Shalala*, 994 F.2d 1058 (3d Cir. 1993); *see also*

---

[2] 20 C.F.R. § 404.1520c, affects claims filed on or after March 27, 2017, and effectively eliminates the treating source rule. However, this case, based on a Title II claim filed on November 18, 2013 (Doc. 8 at 14), is not affected by the new regulation and is analyzed under the regulatory scheme cited in the text.

2

*Dorf v. Brown*, 794 F.2d 896 (3d Cir. 1986). The regulation states as follows in pertinent part: "If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case, we will give it controlling weight. . . . We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." 20 C.F.R. § 404.1527(c)(2). In choosing to reject the treating physician's assessment, an ALJ may not make "speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999).

Further, an ALJ must analyze all probative evidence and set out the reasons for his decision. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119-20 (3d Cir. 2000) (citations omitted). If he has not done so and has not sufficiently explained the weight given to all probative exhibits, "to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). In *Cotter v. Harris*, 642 F.2d 700 (3d Cir. 1981), the Circuit Court clarified that the ALJ must not only state the evidence considered which supports the result but also indicate what evidence was rejected: "Since it is apparent that the ALJ

cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Id.* at 706-07.

Insofar as Defendant now provides analysis or evidentiary support lacking in the ALJ's Decision (*see* Doc. 16 at 3-5), Defendant cannot now do what the ALJ should have done. *Fargnoli*, 247 F.3d at 42; *Dobrowolsky*, 606 F.2d at 406-07. Thus, the Court looks to the analysis contained in the ALJ's Decision to determine whether the relevant standards are satisfied.

A review of ALJ Garrety's Decision indicates that the explanation she provided for her decision to assign limited weight to Dr. Anselmi's opinion (Doc. 8 at 20-21) is a broad-brush conclusory summary of evidence that does not take into account evidence which is arguably supportive of the discounted opinion. For example, ALJ Garrety points to notations that Plaintiff was doing well after her November 2015 back surgery, but she neglected to review evidence that, in December 2015, Plaintiff reported increased neck problems with additional symptomology in 2016. (*See, e.g.*, Doc. 8 at 280-89, 302-07, 315-16, 319-20.) Notably, increased symptoms were consistent with clinical findings made by both Dr. Anselmi and William C. Welch, M.D., Chief of Neurosurgery at Pennsylvania Hospital. (*See, e.g., id.* at 289, 304-07, 319-20.) Pursuant to the legal framework within which the analysis of opinion evidence is to be assessed, Chief Magistrate Judge Schwab correctly determined that it was error for the ALJ not to adequately explain which evidence she relied on and which evidence she rejected in choosing to discount Dr. Anselmi's

4

opinion.[3] (*See* Doc. 15 at 15.) Defendant's objection does not demonstrate that the ALJ satisfied the relevant standards in her Decision or show error in the analysis contained in the R&R. Therefore, the objection will be overruled.

Finally, in her response to Defendant's objection, Plaintiff points to alleged Step Four errors identified in her opening brief, noting that the Magistrate Judge did not address the errors, but they bolster the need for remand. (Doc. 17 at 4; Doc. 11 at 20-22.) Because the matter is remanded for the reasons set out above, the ALJ's Step Four analysis should also be reconsidered.[4]

For the foregoing reasons, the R&R (Doc. 15) will be adopted, the Commissioner's decision will be vacated, and the case will be remanded to the Commissioner for further proceedings consistent with the analysis set out above and in the R&R. An appropriate Order will be filed simultaneously with this Memorandum Opinion.

Robert D. Mariani
United States District Judge

---

[3] The Court agrees with Defendant that a review of the ALJ's Decision does not support the R&R's policy-based alleged error in that the ALJ did not base her assessment of Dr. Anselmi's opinion on the "Commissioner's longstanding policy that an Administrative Law Judge (ALJ) may reach an RFC determination without outside medical expert review of each fact incorporated into the decision," but rather referenced the policy following her assessment of the medical opinion. (*See* Doc. 16 at 6-7; Doc. 8 at 21.)

[4] The Court will not engage in a full analysis of the claimed Step Four errors but notes that ALJ Garrety found that Plaintiff could perform her past relevant work "as *actually* and generally performed" (Doc. 8 at 21 (emphasis added)) in spite of the fact that she determined Plaintiff had the RFC to perform a full range of sedentary work (*id.* at 17) and the Vocational Expert testified that Plaintiff's work as actually performed was at the light exertional level (*id.* at 91-93).

5